IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MILLER PREMUSCA,<br><br>*Plaintiff*,<br><br>v.<br><br>DKC TRANSPORTATION, LLC; TONY ROBBINS; JOHN DOE; and JOHN DOE, LLC,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:22-cv-00006-TES |

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Miller Premusca's Motion to Remand [Doc. 7] this case to the State Court of Bibb County, Georgia. Upon a review of the record and applicable law, the Court **REMANDS** Plaintiff's case for lack of subject-matter jurisdiction.

### FACTUAL BACKGROUND

Relying diversity jurisdiction, Defendants DKC Transportation, LLC and Tony Robbins removed this case to federal court under 28 U.S.C. §§ 1332, 1441, and 1446. [Doc. 1, pp. 1–3]. Plaintiff does not dispute that complete diversity of citizenship exists between the parties: Plaintiff resides in Georgia, Defendant Robbins[1] is a citizen of

---

[1] Plaintiff alleges that Defendant Robbins worked for Defendant DKC Transportation. [Doc. 1-2, p. 4].

Tennessee and Defendant DKC Transportation is considered a citizen of Florida. Defendants contend that Plaintiff's Complaint [Doc. 1-2] clearly shows that the amount in controversy exceeds the jurisdictional minimum of $75,000, although it is silent to the exact amount of damages he seeks. *See, e.g.*, [Doc. 1-2, p. 5].

Originally filed against Defendants in the State Court of Bibb County, Georgia, Plaintiff's Complaint only alleges that "[he] sustained severe injuries and great pain of body and mind from which he did then suffer, now suffers, and may continue to suffer" and "that he has incurred expenses in the form of medical bills." [*Id.* at p. 4]. However, in his Motion to Remand, Plaintiff proffered medical bills showing that his expenses to date are $19,857.10 and noted that they are continuing to increase. [Doc. 7-1, p. 2]. Defendants rely on the amount of Plaintiff's medical bills as well as his "refus[al] to stipulate" that he is not seeking more than $75,000 to support their Notice of Removal [Doc. 1]. [Doc. 8, p. 2]. Not surprisingly, Plaintiff contends that Defendants fail to carry their burden to show that the amount in controversy exceeds the jurisdictional limit provided by 28 U.S.C. § 1332(a)(1).

## DISCUSSION

### A.  Standard of Review

Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing defendant "bears the burden of proving that federal

jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). If a plaintiff does not state a specific amount of damages in his complaint, removal is proper where it is *apparent from the face of the complaint* that the amount in controversy would exceed $75,000. *Id.* And, when the amount in controversy is not apparent from the face of the complaint, the Court may look to the notice of removal and may even request additional evidence regarding the amount in controversy. *Id.* To ascertain whether an action meets the amount-in-controversy jurisdictional requirement, the Court may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and should use "judicial experience and common sense," rather than "suspend reality." *Roe v. Michelin N. Am., Inc.*, 613 F3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754, 770 (11th Cir. 2010)). Finally, removal is generally unfavored; therefore, any "ambiguities are generally construed against removal." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998).

      **B.**    <u>**Plaintiff's Motion to Remand [Doc. 7]**</u>

As mentioned above, neither party disputes that the parties are diverse. Defendants assume that Plaintiff is a Georgia citizen and admit that Defendant Robbins resides in Tennessee and Defendant DKC Transportation is properly considered a citizen of Florida. [Doc. 9, p. 1, n.1]. So will the Court. Given that safe assumption, the parties satisfy the diversity-of-citizenship requirement, and all that remains to be

determined is whether Plaintiff's case also satisfies the amount-in-controversy requirement for federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

To guide district courts on this issue, the Eleventh Circuit unequivocally held that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

As Defendants noted, Plaintiff's Complaint does not contain any specific damages amounts that aids the Court in determining if the amount is controversy is met. [Doc. 8, p. 2]. But, in his Motion to Remand, Plaintiff shows that to date, he has incurred medical bills of $19,857.10. As a general matter, medical bills, like the ones in this case, may constitute "other paper from which it may first be ascertained that the case is one which is or has become removable." *Maisonneuve v. Quiktrip Corp.*, 1:15-CV-02603-ELR, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015). Given the Court's experience in these cases, it cannot find that this amount of medical bills is per se sufficient to satisfy Defendants' burden of showing that the case necessarily involves more than $75,000. In fact, this Court has remanded a case that involved a greater amount of medical bills. *Parker v. Walmart Stores East, L.P.*, No. 5:18-cv-00440-TES, 2019 WL 413560 (M.D. Ga. Feb. 1, 2019) (remanding case on showing of $30,440.19 in medical

bills). Moreover, the Northern District of Georgia remanded a case involving medical bills substantially more than the amount of listed in this case: $55,671.92. *Ware v. Checkers Drive-in Restaurants, Inc.*, No. 1:17-CV-2109-AT, 2017 WL 10378127 (N.D. Ga. 2017). And, the Court notes that in his Complaint, Plaintiff has only alleged medical bills as expenses—he makes no mention of lost wages and he doesn't seek punitive damages. This fact weighs strongly in favor of remand.

Defendants also point to Plaintiff's refusal to concede that his case is worth less than $75,000 as additional proof that they have proven the requisite amount in controversy to keep this case in federal court. [Doc. 8, p. 6]; *see also* [Doc. 8-1]. While it is certainly true that the Court may consider such extrinsic documents in its analysis, Plaintiff's refusal to limit his case to such an amount doesn't necessarily carry the day. In the Court's experience, when a plaintiff doesn't articulate a specific amount of damages in his complaint, defendants often use removal as a way to hem plaintiffs into a maximum amount of damages at the outset of a case by offering to consent to a remand in exchange for an agreement that he will never seek more than $75,000. While the Court is certainly in no way ascribing an improper motive to any party in such a situation, it provides that antidote merely as an example as to why a plaintiff may not agree to such an offer, especially when, like here, the uncertainly of damages leans in favor of remand. *Whitt*, 147 F.3d at 1329.

Bottom line, in this case, the Court finds that federal jurisdiction is uncertain and that Defendants have not established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Pretka*, 608 F.3d at 752. Citing *Roe*, Defendants urge the Court to use "[j]udicial experience, taking all sufficient facts into account, and common sense" to determine that Plaintiff's allegations sufficed to exceed the jurisdictional amount at the time the lawsuit was initially filed. [Doc. 8, p. 3 (quoting *Roe*, 613 F.3d at 1065)]. However, the Court is unpersuaded that *Roe* compels a finding that Plaintiff's Complaint necessarily establishes that his claims exceed the jurisdictional amount. The Court assuredly recognizes that the Eleventh Circuit reached a different outcome in *Roe*, but "nothing in *Roe* permits [a] court to indulge in speculation or fill empty gaps in a plaintiff's factual averments with unfounded assumptions about what the evidence may show." *Goldstein v. GFS Market Realty Four, LLC*, No. 16-cv-60956-GAYLES, 2016 WL 5215024, at *6 (S.D. Fla. Sept. 21, 2016) (quoting *Perkins v. Merion Realty Servs., LLC*, No. 14-1171, 2015 WL 998198, at *3 (M.D. Ala. Mar. 6, 2015)). While Defendants insist that the Court use its judicial experience to determine that the requisite threshold amount is satisfied, to do so would be based "only [on] speculation—and that is impermissible." *Pretka*, 608 F.3d at 753–54.

While special damages totaling $19,857.10 could support a determination that the case exceeded the jurisdictional requirement, such a conclusion—in this case—is simply too speculative in part because Plaintiff's remaining description of damages are only

6

generic, boilerplate prayers for relief and contain no calculated sums of damages sought. *See, e.g.*, [Doc. 1-2, p. 5 ("WHEREFORE, Plaintiff demands: . . . (c) that Plaintiff obtain a judgment for damages against the Defendants jointly and severally in an amount sufficient to compensate her [*sic*] for her [*sic*] injuries and damages; . . . .")]. Moreover, the Court finds it important that Plaintiff has not sought punitive damages or attorney's fees. On this record, to find that Plaintiff's claims "exceed $75,000 from the outset, based only" on the amount listed in his Motion to Remand "would be the result of 'unabashed guesswork.'" *Goldstein*, 2016 WL 5215024 at *7 (quoting *Lowery*, 483 F.3d at 1213–14); [Doc. 8-1, p. 2].

While it may be true that the pain and suffering allegations set forth in Plaintiff's offer may eventually drive the amount in controversy beyond the $75,000 mark, the Court has no way to determine the likelihood of that actually occurring, especially given the time elapsed between the accident, Defendants' Notice of Removal, and the relatively low amount of medical bills incurred thus far. Defendants have therefore failed to support their assertion of jurisdiction by a preponderance of the evidence. Accordingly, the Court finds that the allegations in Plaintiff's Complaint did not render this case removable at the outset under 28 U.S.C. § 1441(b).

C. **Attorney's Fees**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of costs and any actual expenses, including attorney fees, incurred as a result of

removal." The Court may only award attorney's fees pursuant to Section 1447(c) if the party who removed the action "lacked an objectively reasonable basis for seeking removal." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). This standard does not require the Court to find that the removing party's position was "frivolous . . . or without foundation." *Id.* However, the statute's use of "may" denotes that the Court is not required to award attorney's fees and may exercise its discretion in denying a motion under Section 1447(c). *See Martin*, 546 U.S. at 136.

The Court finds that Defendants' attempt to remove this action was not without foundation or made in bad faith. Therefore, Plaintiff is not entitled to costs and reasonable attorney's fees associated with defending Defendants' attempt to remove his case.

## CONCLUSION

Based on the foregoing, the Court finds that it does not have subject-matter jurisdiction over this case and **REMANDS** this action to the State Court of Bibb County, Georgia. The Clerk is **DIRECTED** to forward a copy of this Order to the clerk of that court.

**SO ORDERED**, this 26th day of January, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
